## Case No. 14,329.

### ULRICH v. The SUNBEAM.

### [1 N. Y. Law J. 141.]

District Court, D. New Jersey.   April 16, 1878.

NEGLIGENCE—TOWAGE—CARE AND SKILL—LIMITING LIABILITY.

In cases of towage, the tug boat is not an insurer or common carrier, and hence is not liable for the want of the exercise of the highest possible degree of care and skill. But she must use reasonable carefulness and ordinary skill, and cannot bargain to be exempted from all the risks of the service.

Libel in rem, filed to recover damages for negligence and carelessness in towing the canal boat Van Olinda, from Newark to Passaic on the Passaic river. The two defences were: (1) That the master of the canal boat assumed all risks in the towage; (2) that the unskillfulness of said master caused the accident.

NIXON, District Judge. As the testimony of the respondents is uncontradicted that the service of towage was undertaken by the Sunbeam with the understanding and agreement between the parties that the same should be at the risk of the canal boat, it becomes important to inquire how far such an understanding and agreement relieves the tug from responsibility. It is the settled doctrine in cases of towage that the tug boat is not an insurer or common carrier; and hence that she is not liable for the want of the exercise of the highest possible degree of care and skill. But she is bound to bring to the performance of the duty which she undertakes reasonable carefulness and ordinary skill, and she cannot relieve herself from the consequences of a lack of these by a bargain with the other party that she shall be exempted from the risks of service. Such a bargain doubtless means something; but it is contrary to public policy to so construe a contract of that nature that the tower is allowed to go clear of all liability when it is shown that he has relaxed his faithfulness and duty in performing the service. Ashmore v. Pennsylvania Steam Towing & Transportation Co., 4 Dutch. [28 N. J. Law] 192. The true rule was announced by the supreme court in the case of New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. [47 U. S.] 384, where the court, considering a special agreement of a like nature, say that its proper effect was to change the burden of proof, and to throw upon the libelants the duty of showing that the loss was occasioned by the want of due care or by gross negligence.

Have the libelants in the present case satisfactorily proved gross negligence or want of due care on the part of the respondents? The undertaking was to tow the canal boat from Newark to Passaic. The offer implied a guaranty of skill on the part of the master of the tug in performance of the service; such a knowledge of the channel as would enable him to make the trip with safety; and the adoption of such methods of attaching the boat to the tug that the former would not be unnecessarily exposed to the hazards of navigating a river which has long been considered somewhat dangerous from the rocks in the bed of the stream.

The facts commented upon and the conclusion reached that the master of the tug exhibited both negligence and want of skill in the towage. Decree for libelants.